# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODNEY SHELTON, | : | |
| | : | |
| *Plaintiff*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 19-3990 |
| | : | |
| C.O. MARTIN and JOHN DOE, | : | |
| | : | |
| *Defendants*. | : | |

## MEMORANDUM

**PAPPERT, J.**                                                                                 **SEPTEMBER 17, 2019**

Plaintiff Rodney Shelton brings this action based on his allegation that officials at SCI-Graterford lost or destroyed his property. He seeks leave to proceed *in forma pauperis*. The Court will grant Shelton leave to proceed *in forma pauperis*, dismiss his complaint, and grant him leave to amend his access to court claim.

## I

Shelton was an inmate at SCI - Graterford on June 29, 2018. He alleges that on that date, Defendant Martin disposed of items including "case discovery, testimony notes, exhibits, personal hand-written notes and 5 post dated pictures," and that defendant John Doe spoke in a manner suggesting that inmates' property would be sold at auction. (ECF No. 2 at 4.) Shelton claims that, as a result of the loss of his legal materials, he is unable to pursue claims seeking to prove his innocence. (*Id.* at 5.) Shelton filed a grievance based on the loss of his property, but the grievance was denied. (*Id.* at 7.) Accordingly, he filed this lawsuit against Correction Officer Martin and a John Doe officer pursuant to 42 U.S.C. § 1983, alleging violations of his

First Amendment right to access the court and his Fourteenth Amendment right to due process. (*Id.* at 3.)

II

Shelton's motion to proceed *in forma pauperis* is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915.[1] Accordingly, 28 U.S.C. §1915(e)(2)(B)(ii) requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *See Daniels v. Wiliams*, 474 U.S. 327, 328 (1986). Accordingly, Shelton cannot sustain a constitutional claim based on allegations that prison officials acted negligently in handling or losing his property.

To the extent prison officials intentionally deprived Shelton of his property, there is no basis for a due process claim because the prison grievance system and Pennsylvania law provide

---

[1] However, as Shelton is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

him with adequate state remedies.[2] *See Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property); *Tapp v. Proto*, 404 F. App'x 563, 567 (3d Cir. 2010) (per curiam) ("[D]eprivation of inmate property by prison officials does not state a cognizable due process claim if the prisoner has an adequate post-deprivation state remedy."). Accordingly, his property loss claim is dismissed with prejudice.

Shelton also alleges that the loss of his property resulted in a denial of access to the court. (ECF No. 2, at 3.) "A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). In other words, a prisoner claiming that he was denied access to the courts must allege an injury traceable to the conditions of which he complains. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (per curiam) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action). In general, an actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Id*. Shelton's complaint does not describe the underlying cause of action and, therefore, he has failed to state a § 1983 claim based on denial of access to the court. However, because the Court cannot state at this time that Shelton can never state such a claim, his access to the courts claim will be

---

[2] There is no independent basis for the Court's jurisdiction over a state law claim, as it does not appear that the parties are diverse for purposes of 28 U.S.C. § 1332. If Shelton seeks to pursue a claim under state law, he may do so in state court.

dismissed without prejudice and Shelton will be granted leave to file an amended complaint if he is able to cure the defect identified by the Court.

IV

For the foregoing reasons, the Court will dismiss Shelton's complaint. Plaintiff will be granted 30 days in which to amend his claim based on denial of access to the courts. An appropriate order follows, which shall be docketed separately.

**BY THE COURT:**


*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**