# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| RODNEY SHELTON, | : | |
| --- | --- | --- |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-3990 |
| | : | |
| C.O. MARTIN, *et al.*, | : | |
| *Defendants.* | | |

## MEMORANDUM

**PAPPERT, J.**  NOVEMBER 19, 2019

Rodney Shelton, a prisoner currently incarcerated at SCI-Rockview, has filed an amended complaint asserting claims pursuant to 42 U.S.C. § 1983 based on the destruction of personal property at SCI-Graterford, and the resulting denial of Shelton's access to the court. (ECF No. 7.) For the reasons set forth herein, the Court will dismiss Shelton's claims with prejudice.

I

According to Shelton's original Complaint, he was an inmate at SCI-Graterford on June 29, 2018. He alleges that on that date, Correction Officer Martin disposed of items including "case discovery, testimony notes, exhibits, personal hand-written notes and 5 post dated pictures," and that Defendant John Doe spoke in a manner suggesting that inmates' property would be sold at auction. (ECF No. 2 at 4.)[1] Shelton claimed that, as a result of the loss of his legal materials, he was unable to pursue claims seeking to prove his innocence. (*Id.* at 5.) Shelton filed a grievance based on the loss of his property, but the grievance was denied. (*Id.* at 7.) Accordingly, he filed this lawsuit

---

[1] The Court adopts the pagination assigned by the CM/ECF docketing system.

against Martin and John Doe to 42 U.S.C. § 1983, alleging violations of his First Amendment right to access the court and his Fourteenth Amendment right to due process. (*Id.* at 3.)

After granting Shelton leave to proceed *in forma pauperis*, the Court screened the Complaint pursuant to 28 U.S.C § 1915(e)(2)(B). The Court concluded that Shelton had failed to state a claim for denial of access to the courts because Shelton's Complaint did not describe the underlying cause of action, "an element that must be described in the complaint." *Christopher v. Harbury*, 536 U.S. 02, 415 (2002);[2] (*see also* ECF No. 5 at 3-4.) However, the Court granted Shelton leave to file an amended complaint. (*Id.* at 4; ECF No. 6.)

Shelton has filed an Amended Complaint, again naming Defendant Martin and a John Doe Defendant. (ECF No. 7.) He again advances Fourteenth Amendment Due Process and First Amendment access to the court claims based on the destruction of his legal materials, including photographs and contact information. (*Id.* at 3, 5, 12.) He alleges he lost "case discovery, testimony notes, exhibits, personal hand-written notes, and over 30 post dated pictures that were very important and were to be newly discovered evidence." (*Id.* at 12.) He claims that the loss of these materials "has obstructed [his] opportunity to litigate a claim to challenge [his] sentence in the court of law," and "inhibited [his] opportunity to present a past legal claim that is 'nonfrivolous' and 'arguable.'" (*Id.*) He seeks compensatory damages. (*Id.* at 5.)

---

[2] The Court also determined that Shelton could not state a due process claim based on the loss and/or destruction of his personal property due to the availability of relief in state court. The court, as a result, dismissed this claim with prejudice. (ECF No. 5 at 2-3.)

2

II

Because Shelton is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies. This requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether the Amended Complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Shelton is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

A

Notwithstanding the Court's dismissal with prejudice of his due process claim based on the deprivation of his personal property, (*see* ECF No. 5 at 2-3,) Shelton purports to renew the claim in his Amended Complaint. (ECF No. 7 at 12.) The Court can only reiterate that, because the prison grievance system and Pennsylvania law provide Shelton with adequate remedies, there is no basis for a due process claim and the claim, once again, will be dismissed with prejudice.

B

Shelton's Amended Complaint includes an amended access to courts claim. (ECF No. 7 at 4, 5, 12.) "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). "A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). In other words, a prisoner claiming that he was denied access to the courts must allege an injury traceable to the conditions of which he complains. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (per curiam) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action). In general, an actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Id.* More specifically, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe 'the lost remedy.'" *Monroe*, 536 F.3d at 206 (quoting *Christopher*, 536 U.S. at 416-17).

Shelton alleges that he has "lost [his] opportunity to litigate a claim to challenge [his] sentence," (ECF No. 7 at 5), but does not otherwise describe the nature of the claim he intends to pursue. He alleges that the materials confiscated "were to be newly discovered evidence," (*id.* at 12), but does not state what the materials were evidence of, or how the newly discovered evidence supported his anticipated claim. He further

4

alleges that the Defendants' actions have "inhibited [his] opportunity to present a past legal claim that is 'nonfrivolous' and 'arguable,'" but does not describe any past or existing claim lost as a result of the loss of his property, and does not provide any facts demonstrating that any claim to which he might refer – past, pending or anticipated - were nonfrivolous. He does not describe the remedy he has lost as a result of his inability to pursue the unidentified claim.

In sum, Shelton has not adequately described the claim lost as a result of the conduct complained of, and therefore has not plausibly alleged an actual injury. He has not stated a claim for denial of access to the courts. *See Monroe*, 536 F.3d at 206 (plaintiffs' allegations that "defendants confiscated their legal materials" and that "they lost the opportunity to pursue attacks of their convictions and civil rights claims" without "specify[ing] facts demonstrating that the claims were nonfrivolous" did not state a claim).

Furthermore, the right to access the courts may be satisfied if the plaintiff has an attorney, and it appears Shelton was counseled at the time of the event in question. *See Diaz*, 532 F. App'x at 63; *Commonwealth v. Shelton*, 2122 EDA 2018 (appeal is pending in Superior Court and Shelton is represented by counsel). Accordingly, his claim must be dismissed.

C

Where a complaint is subject to dismissal, a district court must permit amendment unless it would be inequitable or futile to do so. *Grayson v. Maview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). For the reasons stated above, it would be futile to permit Shelton to amend his due process claim again and that claim will again be

dismissed with prejudice. With respect to his access to courts claim, Shelton was already put on notice of the defects in this claim and was granted an opportunity to cure those defects. He was unable to do so. The Court will therefore dismiss Shelton's access to courts claim with prejudice, because further attempts at amendment would be futile.

IV

For the foregoing reasons, the Court will dismiss Shelton's Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order follows, which shall be docketed separately.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**